The following opinion of Associate Justice CLARK *at Chambers*, construing the Election Law, is of sufficient interest to be added here, as no appeal was taken.

## N. B. BROUGHTON v. JAS. H. YOUNG.

### *Election Law—Recount Ordered.*

1. Under the Election Law, Acts 1895, Chapter 159, the ballots are preserved in the duplicate boxes as evidence, and can be used in a *quo warranto* proceeding, or before a Commissioner to take deposition in a contest for seat in the General Assembly or in Congress.

2. The Commissioner cannot order the production of the ballots, but this must be done by a judge of the superior or Supreme Court.

3. The ballot boxes must remain in the custody of the Clerk, and be again sealed by him after the recount.

*Messrs. Douglas & Holding, Shepherd & Busbee* and *W. W. Jones*, for contestant.

*Mr. J. C. L. Harris*, for contestee.

In the contest for a seat in the House of Representatives from Wake county between N. B. Broughton, contestant, and Jas. H. Young, contestee, J. C. Marcom, J. P., the Commissioner to take depositions, applied to D. H. Young, Clerk Superior Court of said county, for the duplicate ballot boxes, that he might make a recount of the ballots. This being refused, application was made to Mr. Justice CLARK for a rule on the Clerk to show cause why he should not grant the application.

CLARK, J.: Upon hearing counsel for and against the motion I am of opinion that the object of the statute in requiring the preservation of the ballots, in duplicate ballot boxes, duly sealed up, is that they may be kept as evidence to verify or correct the election returns when impeached.

If a *quo warranto* was being tried in the superior court, certainly the judge presiding might order said ballot boxes brought into court and a recount made in the presence of the court and jury. In contested elections for members of the General Assembly and members of Congress the evidence is taken, not before a jury, but before a Commissioner and submitted upon depositions. Therefore if the same benefit of the recount of the ballots is to be had, as on the trial of a *quo warranto*, there must be an order to have the examination of the ballots made before the Commissioner and the result reported to the legislative body. It is not possible that the Legislature intended that the clerks of Cherokee or Dare or any other county should attend with their numerous ballot boxes before the General Assembly in Raleigh, or before the Congressional Committee on Elections.

I am of opinion that the clerk properly declined to permit the boxes to be opened and a recount made on the motion of a Commissioner to take depositions, and that this should only be done upon the order of a judge of the superior or Supreme Court under the supervisory powers conferred by Chapter 159, Acts 1895. The powers thus conferred do not cease on election day, but cover all matters pertinent to the scope of that act, including the election and the returns. The act by its tenor is to be libarally construed with a view of effectuating its purposes of securing both " a free ballot " and " a fair count." The effect of the recount, as well as of the original returns, is for the General Assembly, who are to judge of the qualification and election of their own members, but that honorable body is entitled to have the result of such recount laid before them upon their assembling—especially since, their sessions being limited to sixty days, it is due that body and the public as well that there may be means of speedily determining the rights of contestee, and contestants to seats.

The ballot boxes should not be taken out of the custody of the clerk nor the place designated for their deposit. Therefore be it *ordered :*

That on the 30th day of December, 1896, at 10 o'clock, D. H. Young, clerk of the superior court of Wake county, will in the office of said clerk in turn open each and every ballot box, containing votes for the General Assembly, from the precincts designated in Section 8 of the contestant's complaint or notice of contest, and in the presence of the Commissioner and the parties and their counsel, count and certify the number of ballots in each cast for N. B. Broughton and the number cast for James H. Young, till each and every box designated has been opened and counted, which certificate, countersigned by the Commissioner, shall be certified in the evidence submitted to the General Assembly. As the vote of each box is counted, the ballots shall be immediately replaced in the box by the clerk, and the box shall again be sealed up and replaced by him in the same place of deposit till further authority is given to open the same. The recount thus authorized extends only to the names of the contestant and contestee in this action.